KEPLEY *et al.* v. DINGMAN *et al.*

No. 2454.   Opinion Filed January 7, 1913.

Rehearing Denied February 11, 1913.

(130 Pac. 284.)

1.   CONTINUANCE—Grounds.  On objection being made to the introduction of depositions because they had not been on file one clear day before the trial, it is not error for the court, upon its own motion, to continue the cause until the following day.

2.   APPEAL AND ERROR—Harmless Error—Remarks of Court.  On such ruling being made, the court remarked, "You are not going to get that advantage; I can tell you that." While this remark was improper, the cause will not be reversed on that account, unless we can see that it resulted in material prejudice to the plaintiffs.

(Syllabus by Ames, C.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by James K. Kepley and Nora Kepley against R. B. Dingman and others.   Judgment for defendants, and plaintiffs bring error.   Affirmed.

*McDougal, Lattimore & Lytle,* for plaintiffs in error.

*Mann & Jackson,* for defendants in error.

Opinion by AMES, C.   The plaintiffs and the defendants both claimed the land in controversy, through Dora Grayson, a Creek Indian.   The defendants' title originated in a deed exe-

cuted in February, 1906, while the plaintiffs' title originated in a deed executed in December, 1907, and the issue involved and tried was whether or not the common grantor was an infant or adult at the time of the execution of the first deed. The issue of fact was submitted to the jury under instructions to which no complaint is made.

The principal argument of the plaintiffs arose out of the ruling of the court upon the admission of certain depositions taken by the defendants. These depositions were filed in the cause on May 2d. The trial· commenced on May 3d. When the depositions were offered by the defendants, the plaintiffs objected, on the ground that they had not been on file one clear day, as required by the statute. Comp. Laws 1909, sec. 5881. Upon this objection being made the court, of its own motion, continued the cause until the following day, remarking, "You are not going to get that advantage, I can tell you that." On the next day the trial was resumed and the depositions were admitted; the plaintiff again objecting to their admission. We do not think there was reversible error in these proceedings. To so hold would substitute form for substance. The remark of the court should not have been made, but we cannot say that it resulted in material prejudice to the plaintiffs.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.