## ATCHISON, T. & S. F. R. CO. v. WOOD & CO.

### No. 25211.    April 16, 1935

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for plaintiff in error.

J. D. Lydick and Curtis P. Harris, for defendant in error.

PER CURIAM. This is a suit for damages commenced in the district court of Logan county by the defendant in error, Wood & Company, a corporation, against the plaintiff in error, the Atchison, Topeka & Santa Fe Railway Company, a corporation, to recover from said railway company $2,-335.82 as damages alleged to have been suffered by Wood & Company on account of some seven shipments of vegetables and fruits delivered to said Wood & Company by the defendant railway company in a damaged condition due to the negligent handling of the same in transit. Judgment was for Wood & Company for the sum of $945, from which judgment the railway company prosecutes this appeal.

Plaintiff in error, the Atchison, Topeka & Santa Fe Railway Company, a corporation, will be referred to hereafter as defendant, and Wood & Company, a corporation, as plaintiff, as they appeared in the district court.

This case was tried to the court and jury on an agreed statement of facts as to certain matters and on the testimony of various witnesses. Judgment was for the plaintiff on certain causes of action in the total sum of $945. Thereafter motion for new trial was duly filed and overruled by the court, with exceptions. Defendant brings the cause here on appeal with numerous assignments of error, but presents all of them under three propositions:

(1) That the court erred in refusing and ruling out competent evidence offered on behalf of the defendant;

(2) That the court erred in directing disparaging and prejudicial remarks to counsel for defendant during the progress of the trial; and,

(3) That the court erred in the giving of instructions 5, 6, and 11.

Both sides have filed rather exhaustive briefs and it appears that the authorities are not uniform as to whether or not the rejected evidence complained of was admissible. The evidence excluded was in the nature of impeachment evidence of a witness on a collateral issue, and the rejection of the same, therefore, would not constitute reversible error.

It is a well-settled rule of this court that the jury is the exclusive judge of the weight and value of the evidence, and remarks by a trial judge which amount to a comment on the weight or value of evidence constitute reversible error. City of Newkirk v. Dimmers, 17 Okla. 525, 87 P. 603. However, the remarks of the trial court, as herein com-

plained of, do not come within the rule of this case and the same were not a comment on the weight or value of the testimony, but more in the nature of a clash between attorney and trial judge, and, while we cannot approve the conduct of the trial judge, we do not believe from the whole record that such conduct resulted in material prejudice to the cause of defendant, and unless the court so finds, the same would not constitute reversible error. See Kepley et al. v. Dingman et al., 36 Okla. 771, 130 P. 284.

The instructions in this case were rather voluminous and many instructions were refused by the court which were offered by attorney for the defendant. The defendant urges here as error the giving of instructions 5, 6, and 11, and defendant has c'ted many authorities to the effect that these instructions are erroneous. The court has examined the instructions given, as well as those offered by defendant, and from the entire record it appears that the instructions given by the court fairly presented the law of the case to the jury.

Finding no reversible error in the record, the judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys A. N. Boatman, John Caruthers, and George C. Beidleman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Boatman and approved by Mr. Caruthers and Mr. Biedleman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.